IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**ROBERT W. LEANNAH, CHARLOTTE L. KOEHLER,
MICHAEL E. ARROWOOD, LAWRENCE R. LENHARDT**
for themselves and all persons similarly situated, and

**INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 965,**

        Plaintiffs,                      Case No.

    v.

**ALLIANT ENERGY CORP., and its subsidiary,
WISCONSIN POWER AND LIGHT
COMPANY,**

        Defendants.

---

## COMPLAINT

---

Plaintiffs Robert W. Leannah, Charlotte L. Koehler, Michael E. Arrowood, and Lawrence R. Lenhardt, for themselves and all persons similarly situated, and International Brotherhood of Electrical Workers Local Union 965, by and through counsel, Lawton & Cates, S.C., hereby state as their Complaint as follows:

1. This action arises under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA") seeking restoration of retiree health insurance benefits reduced by Defendants Alliant Energy Corporation and its subsidiary Wisconsin Power and Light Company ("Alliant").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court exists pursuant to 29 U.S.C. §§1132(e)(1) and 1132(f), 29 U.S.C. § 185(c), and 28 U.S.C. §§ 1331 and 1337.

3. Venue is appropriate within this judicial district pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b) and 29 U.S.C § 185(a).

## PARTIES

4. Plaintiff Robert W. Leannah resides at 7932 Moenning Road, Sheboygan, Wisconsin 53081. On July 1, 2001, he retired from Alliant at age 55. During his employment with Alliant, he was a member of International Brotherhood of Electrical Workers Local Union 965 ("Local 965") and was subject to the terms and conditions of collective bargaining agreements ("CBA") between Local 965 and Alliant.

5. Plaintiff Charlotte L. Koehler resides at 3415 Sheridan Avenue, Sheboygan, Wisconsin 53081. On January 1, 2003, she retired from Alliant at age 55. During her employment with Alliant, she was a member of Local 965 and was subject to the terms and CBA's between Local 965 and Alliant.

6. Plaintiff Michael E. Arrowood, resides at W7859 East Clark Road, Oakfield, Wisconsin 53065. On November 1, 2005, he retired from Alliant at age 57. During his employment with Alliant, he was a member of Local 965 and was subject to the terms and conditions of CBA's between Local 965 and Alliant.

7. Plaintiff Lawrence R. Lenhardt resides at 4014 South 18th Street, Sheboygan, Wisconsin 53081. On June 1, 2001, he retired from Alliant at age 56. During his employment with Alliant, he was a member of Local 965 and was subject to the terms and conditions of CBA's between Local 965 and Alliant.

8. Plaintiff I.B.E.W., Local Union 965 ("Local 965") is a labor organization affiliated with the International Brotherhood of Electrical Workers International Union. It is a voluntary, unincorporated association, and is a labor organization within the meaning of the LMRA, 29 U.S.C. § 152(5). Its offices are located at 1602 S. Park Street, Madison, Wisconsin 53715.

9. Defendant Alliant Energy Corporation is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located at 4902 North Biltmore Lane, Madison, Wisconsin 53707, whose registered agent is F.J. Buri. It is a public utility holding company. Alliant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2) and within the meaning of ERISA, 29 U.S.C. § 1002(5).

10. Defendant Wisconsin Power and Light Company ("WP&L") is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located at 4902 North Biltmore Lane, Madison, Wisconsin 53707, whose registered agent is F.J. Buri. WP&L is a wholly owned subsidiary of Alliant and is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2) and within the meaning of ERISA, 29 U.S.C. § 1002(5).

## CLASS ALLEGATIONS

11. Individual Plaintiffs seek to represent a class consisting of all former Local 965-represented employees of Alliant who are participants in the Alliant Early Retiree health plan and whose employment terminated between the ages of 55 and 65. There are approximately 200 members of the proposed class.

12. There are questions of law and fact common to the class, including the following: whether Alliant unilaterally reduced retiree health insurance benefits for its Local 965-represented early retirees by increasing their premiums; whether such reduction violates the terms of the CBA's between Alliant and Local 965; whether such reduction violates ERISA; and whether Alliant can establish any defenses justifying its conduct.

13. The claims of the Plaintiffs are typical of the class they seek to represent and will fairly and adequately protect the interests of the class. The interests of the named Plaintiffs are coincident with, and not antagonistic to, those of the class. The named plaintiffs are represented by counsel who are experienced in class action litigation.

14. The questions of law or facts common to the members of the class predominate over any questions affecting only individual members, as all members are retirees whose health insurance benefits have been reduced and would be entitled to similar relief restoring such benefits.

15. Maintenance of this action will promote the efficient administration of justice by obviating the need of numerous individual members, many of who do not have resources to independently retain counsel, to commence their own actions.

16. Maintenance of this action as a class action will promote the equitable administration of justice since pursuing claims on an individual basis would be disproportionately expensive.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

19. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class that would, as a practical matter, substantially impair or impede their ability to protect their interests.

**FACTUAL ALLEGATIONS**

20. Alliant operates generating plants and other facilities producing electricity and natural gas for residential and commercial consumption throughout the State of Wisconsin and other midwestern states. Local 965 has represented several hundred Alliant employees for over fifty years and has negotiated terms and conditions of employment set forth in a series of CBA's with Defendant WP&L.

21. In 1998, Defendant WP&L merged with certain other utilities and thereafter Defendant Alliant Energy Corp. was created as a public utility holding company for WP&L and the other utilities. WP&L currently operates it as a wholly-owned subsidiary of Alliant. Alliant has assumed WP&L's obligations under its CBA's with Local 965. Alliant and WP&L have operated as joint employers under these CBA's.

22. Alliant has provided health and dental insurance to employees and retirees represented by Local 965 in accordance with the terms of its CBA's. Under these CBA's, normal retirement age for represented employees is age 65.

5

However, employees may elect to retire at age 55 under an early retirement program (hereinafter referred to as "Early Retirees").

23. Alliant's Summary Plan Description ("SPD") in effect when Plaintiffs became Early Retirees provides, in pertinent part: "If you were hired prior to January 1, 1993 and retire before you are 65 years old, you and your eligible dependent(s) continue to receive the same medical coverage as active employees."

24. In accordance with the terms of the CBA's and SPD's, Alliant provided Plaintiffs with health and dental insurance coverage identical to the terms of the health and dental insurance plans provided to active employees until age 65 when they become eligible for Medicare. Plaintiffs have received the same benefits and paid the same premiums as active employees under these plans.

25. During negotiations for the CBA effective June 1, 1999, Alliant representatives acknowledged across the bargaining table to Local 965 representatives that the CBA required Early Retirees to pay the same premium contributions as active employees for health and dental coverage.

26. Alliant provided a memorandum to certain Plaintiffs at the time they became Early Retirees stating, in pertinent part:

> Currently, if you retire early you can maintain your active employee medical coverage until you are Medicare eligible, normally age 65. You pay the same as an active employee. Changes made to medical benefits for active employees would apply, including annual adjustments to monthly premium costs.

27. Alliant representatives told certain Plaintiffs when they became Early Retirees they would continue to pay the same premiums paid by active employees for health and dental benefits until they reached age 65.

28. Alliant's SPD covering Plaintiffs provides: "Benefits are provided for a spouse and eligible dependents for 180 days after an employee's or retiree's death. This coverage is continued at the employee's rate."

29. By letter dated November 30, 2006, Alliant informed Plaintiffs that effective January 1, 2007, their premium contributions for health insurance and dental insurance would be higher than those paid by active employees. Alliant informed Plaintiffs who retired prior to January 1, 2003, that for the year 2007 they would pay 20% of the total cost for the health and dental plans, 25% for the year 2008, and 30% for the years 2009 and 2010 (a copy of which is attached hereto as Exhibit 1). Alliant further informed Plaintiffs that beginning in 2011, it would pay no more than the flat dollar amount representing 70% of the total cost in the year 2010. Id. Plaintiffs who retired after January 1, 2003, were provided the same letter dated November 30, 2006, and schedule, except that their premiums for the year 2007 would remain the same as active employees (a copy of which is attached as Exhibit 2).

30. For the year 2007, active employees represented by Local 965 pay between 10% and 13% of the total cost for providing health and dental insurance in accordance with the CBA.

31. Effective January 1, 2007, Alliant implemented the 2007 premium schedule set forth in the November 30, 2006, letter to Plaintiffs.

32. Alliant's requirement that Early Retirees pay higher premiums for health and dental coverage than active employees represented by Local 965 is the first time in the parties' collective bargaining history of over 50 years that Early Retirees have paid more than active employees for health and dental insurance.

7

Case 2:07-cv-00169-JPS   Filed 02/22/07   Page 7 of 10   Document 1

33. Alliant did not negotiate the increases to the premiums paid by Plaintiffs for health and dental insurance with Local 965.

34. Local 965 did not agree to the increases to the premiums paid by Plaintiffs for health and dental insurance set forth in the November 30, 2006 letter.

**COUNT I**

35. Plaintiffs reallege and incorporate paragraphs 1-34 above as though fully set forth herein.

36. The CBA's between Local 965 and Alliant in effect when Plaintiffs retired, required Alliant to provide retiree health and dental insurance coverage for them on the same terms as provided to active employees represented by Local 965, including employee premium contributions.

37. The increases in premiums charged to Plaintiffs announced in the November 30, 2006, letter and implemented January 1, 2007, violate the terms of the collective bargaining agreements, Section 301 of the LMRA and the vested rights of the retirees receive the same health and dental insurance coverage provided to active employees, including paying the same employee premium contributions paid by active employees.

**COUNT II**

38. Plaintiffs reallege and incorporate paragraphs 1-37 above as though fully set forth herein.

39. The Early Retiree health and dental insurance program for Alliant retirees formerly represented by Local 965 is an employee welfare benefit plan as

defined in 29 U.S.C. § 1002(1) and is governed by the Employee Income Security Act, 29 U.S.C. §1001, et seq.

40. Plaintiffs are participants of this plan within the meaning of 29 U.S.C. § 1002(7).

41. Alliant's reduction in benefits provided by its Early Retiree health and dental insurance program in January 2007 as set forth in the November 30, 2006, letter is contrary to the vested rights of the affected Early Retiree Plaintiffs under the terms of the plan in violation of 29 U.S.C.§ 1132.

42. Plaintiffs are entitled to continue to receive the health and dental insurance benefits Alliant provides to its active employees represented by Local 965, including the employee contributions to premiums, to present and continuing until they reach age 65, pre-judgment interest, attorneys fees, and costs under 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Declare Defendants have violated the CBA with Local 965 by unilaterally increasing the premium contributions for Early Retirees above the rates charged to active employees represented by Local 965.

2. Declare Defendants have violated ERISA by altering the terms of its Early Retiree health and dental insurance plans to deviate from the health and dental insurance plans provided to its Local 965-represented employees by charging Early Retirees higher premiums than those charged to Local 965-represented employees.

3. Order Defendants to cease and desist from violating the CBA and the terms of the Early Retiree health and dental insurance plans.

4. Order Defendants affirmatively to:

    a. restore the Early Retiree health and dental insurance premium contribution schedule in effect prior to January 1, 2007;

    b. provide Plaintiffs and all Early Retirees with health and dental insurance benefits identical to those provided to active employees represented by Local 965 until they reach age 65, including employee premium contributions; and,

    c. make whole all Plaintiffs for all losses proximately caused by the changes, including reimbursement for all premiums in excess to those paid by Local 965-represented employees.

5. Order Defendant to pay attorneys fees and costs pursuant to 29 U.S.C. § 1132(g).

6. Provide such other relief deemed just and proper.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

**LAWTON & CATES, S.C.**

By: _____
Kurt C. Kobelt
SBN: 1019317
*Attorney for Plaintiffs*
10 East Doty Street, Suite 400
Madison, WI 53703-2694
Telephone: (608) 282-6200
Facsimile: (608) 282-6252
Email: kkobelt@lawtoncates.com

Dated: _____