UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERT W. LEANNAH, CHARLOTTE L.
KOEHLER, MICHAEL E. ARROWOOD,
LAWRENCE R. LENHARDT, for themselves
and all persons similarly situated, and

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 965,

        Plaintiffs,

  vs.

ALLIANT ENERGY CORP., and its subsidiary,
WISCONSIN ELECTRIC POWER AND LIGHT
COMPANY,

        Defendants.

Case No. 2:07-CV-00169
Judge Stadtmueller

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Alliant Energy Corp. ("Alliant") and Wisconsin Electric Power and Light Company ("WPL") (collectively "Defendants"), by and through their undersigned Counsel, respond to the Complaint as follows:

With respect to the numbered paragraphs of the Complaint Defendants state:

1.      The allegations in ¶ 1 include a series of legal conclusions to which an answer is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit that Plaintiffs have attempted to allege causes of action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") and Section 301 of the Labor-Management Relations Act ("LMRA"). Defendants deny that Plaintiffs are entitled to any relief under either statute.

1

## Jurisdiction and Venue

2. The allegations in ¶ 2 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit that the jurisdiction of this Court is proper.

3. The allegations in ¶ 3 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be required, however, Defendants admit that venue is appropriate within this judicial district.

## Parties

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof. Defendants further respond that Alliant has not, at any time, employed anyone represented by the International Brotherhood of Electrical Workers Local Union ("Local 965") and that Alliant has never negotiated, entered into or been a party to any collective bargaining agreement with Local 965.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof. Defendants further respond that Alliant has not, at any time, employed anyone represented by Local 965 and that Alliant has never negotiated, entered into or been a party to any collective bargaining agreement with Local 965.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof. Defendants further respond that Alliant has not, at any

time, employed anyone represented by Local 965 and that Alliant has never negotiated, entered into or been a party to any collective bargaining agreement with Local 965.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof. Defendants further respond that Alliant has not, at any time, employed anyone represented by Local 965 and that Alliant has never negotiated, entered into or been a party to any collective bargaining agreement with Local 965.

8. The allegations in ¶ 8 include a series of legal conclusions regarding whether Local 965 is a labor organization within the meaning of the LMRA, to which an answer is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof.

9. The allegations in ¶ 9 include a series of legal conclusions regarding whether Alliant is an employer within the meaning of the LMRA and ERISA, to which an answer is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit that Alliant is a public utility holding company and deny that Alliant is an employer within the meaning of ERISA or the LMRA.

10. The allegations in ¶ 10 include a series of legal conclusions regarding whether WPL is a wholly owned subsidiary of Alliant and an employer within the meaning of the LMRA and ERISA, to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit the allegations in ¶ 10.

## Class Allegations

11.     In response to ¶ 11, Defendants admit that the individual Plaintiffs have alleged that they "seek" to represent a class consisting of all former Local 965-represented employees of WPL, whose employment allegedly terminated between the ages of 55 and 65, and who are purportedly participants in an Alliant health plan that affords benefits to eligible active and retired employees.  Defendants deny that there exists a separate Alliant Early Retiree health plan as alleged by Plaintiffs or otherwise.  Defendants deny that these individual Plaintiffs can satisfy the requirements of Federal Rule of Civil Procedure 23 and the applicable case law, such that any class of plaintiffs should be certified.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that there are "approximately 200 members of the proposed class" and, therefore, deny that allegation and put Plaintiffs to their strictest proof thereof.

12.     The allegations in ¶ 12 are legal conclusions to which a response is not required of Defendants.  To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 12.

13.     The allegations in ¶ 13 are legal conclusions to which a response is not required of Defendants.  To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 13.

14.     The allegations in ¶ 14 are legal conclusions to which a response is not required of Defendants.  To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 14.

15. The allegations in ¶ 15 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 15.

16. The allegations in ¶ 16 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 16.

17. The allegations in ¶ 17 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 17.

18. The allegations in ¶ 18 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 18.

19. The allegations in ¶ 19 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 19.

**Factual Allegations**

20. In response to ¶ 20, Defendants deny all of the allegations therein that purport to describe Alliant's operations. Defendants affirmatively allege that WPL operates generating plants and other facilities producing electricity for residential and commercial consumption throughout the State of Wisconsin. Defendants admit that Local 965 has negotiated terms and conditions of employment set forth in collective bargaining agreements with WPL. Defendants deny the remaining allegations in ¶ 20 of the Complaint.

21. In response to ¶ 21, Defendants deny all of the allegations therein.

22. In response ¶ 22, Defendants admit that WPL, but not Alliant, has historically provided health and dental insurance to employees represented by Local 965 and to retirees. and Defendants deny that any retirees are represented by Local 965. The remaining allegations in ¶ 22 purport to describe certain terms and conditions of collective bargaining agreements. Defendants affirmatively allege that these collective bargaining agreements speak for themselves and the actual language contained therein is the best evidence of their terms and conditions. Defendants deny each and every allegation in ¶ 22 that is in any way inconsistent with the actual terms and conditions of these collective bargaining agreements.

23. The allegations contained in ¶ 23 purport to describe certain terms and conditions of a summary plan description. Defendants affirmatively allege that this summary plan description consists of several documents and that those documents speak for themselves and the actual language contained therein is the best evidence of the terms and conditions of the summary plan description. Defendants deny each and every allegation in ¶ 23 that is in any way inconsistent with the actual terms and conditions of this summary plan description.

24. In response to ¶ 24, Defendants admit that until December 31, 2006, WPL had treated retirees who were under the age of 65 in a similar fashion as active employees with regard to their level of benefits and premium contributions. Defendants further admit that until January 1, 2007, the individual plaintiffs received the same level of benefits and paid the same premiums as active employees. Defendants deny the remaining allegations in ¶ 24.

25. In response to ¶ 25, Defendants deny the allegations therein.

26. In response to ¶ 26, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof. The allegations in ¶ 26 purport to

state the language of a document, which was neither identified in the Complaint nor attached to it. To the extent such document exists, Defendants affirmatively allege that this document speaks for itself and the actual language contained therein is the best evidence of the terms and conditions of the document. Defendants deny each and every allegation in ¶ 26 that is in any way inconsistent with the actual terms and conditions of this alleged document.

27. In response to ¶ 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations and put Plaintiffs to their strictest proof thereof.

28. The allegations contained in ¶ 28 purport to describe certain terms and conditions of a summary plan description. Defendants affirmatively allege that this summary plan description consists of several documents and that those documents speak for themselves and the actual language contained therein is the best evidence of the terms and conditions of the summary plan description. Defendants deny each and every allegation in ¶ 28 that is in any way inconsistent with the actual terms and conditions of this summary plan description.

29. In response to ¶ 29, Defendants admit that the documents attached to the Complaint as Exhibits 1 and 2 are true and correct copies of correspondence dated November 30, 2006. The remaining allegations in ¶ 29 purport to describe the language of Exhibits 1 and 2. Defendants affirmatively allege that Exhibits 1 and 2 speak for themselves and that the actual language of Exhibits 1 and 2 is the best evidence of what Exhibits 1 and 2 do and do not say. Defendants deny each and every allegation in ¶ 29 that is in any way inconsistent with the actual terms and conditions of Exhibits 1 and 2.

30. The allegations contained in ¶ 30 purport to describe certain terms and conditions of a collective bargaining agreement. Defendants affirmatively allege that this collective

bargaining agreement speaks for itself and the actual language thereof is the best evidence of its terms and conditions. Defendants deny each and every allegation in ¶ 30 that is in any way inconsistent with the actual terms and conditions of this collective bargaining agreement.

31. In response to ¶ 31, Defendants admit the allegations contained therein with respect to WPL and deny the allegations contained therein with respect to Alliant.

32. In response to ¶ 32, Defendants admit the allegations contained therein with respect to WPL and deny the allegations contained therein with respect to Alliant.

33. In response to ¶ 33, Defendants admit that they did not negotiate the changes outlined in Exhibits 1 and 2 with the Local 965. Defendants affirmatively allege that they did not have an obligation to engage in such negotiations, that negotiation was not necessary and that the lack of such negotiation has no legal effect on Defendants' ability to make the changes outlined in Exhibits 1 and 2.

34. In response to ¶ 34, Defendants admit that the Local 965 was not consulted with, and therefore, did not "agree" to the changes outlined in Exhibits 1 and 2. Defendants affirmatively allege that such consultation and agreement is not necessary and that the lack of such consultation and agreement has no legal effect on Defendants ability to make the changes outlined in Exhibits 1 and 2.

## Count I

35. In response to ¶ 35, Defendants reincorporate, as if fully set forth herein, the forgoing admissions, denials and affirmative allegations contained in ¶¶ 1-34.

36. The allegations in ¶ 36 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 36.

37. The allegations in ¶ 37 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 37.

## Count II

38. In response to ¶ 38, Defendants reincorporate, as if fully set forth herein, the forgoing admissions, denials and affirmative allegations contained in ¶¶ 1-37.

39. The allegations in ¶ 39 of the Complaint include a series of legal conclusions regarding whether the Early Retiree health and dental insurance program for WPL retirees formerly represented by Local 965 is governed by ERISA, to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit that the health and dental benefits provided to retirees are provided pursuant to an ERISA-governed employee benefit plan. Defendants deny the remaining allegations contained therein.

40. The allegations in ¶ 40 include a series of legal conclusions regarding whether Plaintiffs are participants within the meaning of ERISA, to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants admit the allegations contained therein.

41. The allegations in ¶ 41 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 41.

42. The allegations in ¶ 42 are legal conclusions to which a response is not required of Defendants. To the extent a response might otherwise be appropriate, however, Defendants deny the allegations in ¶ 42.

## Relief Requested

As a matter of law and fact, Plaintiffs are not entitled to any of the relief requested in ¶¶ 1-6 on pages 9-10 of the Complaint.

**Objection to Jury Demand**

Defendants assert that Plaintiffs are not entitled to a trial by jury on any of the claims asserted in the Complaint.

**Affirmative Defenses**

A. The Plaintiffs have failed to state a claim upon which relief can be granted.

B. The Court lacks subject matter jurisdiction over Defendant Alliant, as Alliant was neither the employer of the Plaintiff retired individuals nor a party to the collective bargaining agreements with Plaintiff Local 965.

C. The Plaintiffs have failed to mitigate their alleged damages.

D. One or more members of the alleged Plaintiff class may be ineligible for the benefits claimed herein under the terms and conditions of the "employee welfare benefit plan" at issue in this case pursuant to ERISA § 3, and the terms and conditions of the Plan.

E. The Plaintiffs cannot establish the requirements necessary to support the alleged class action, as required by Fed. R. Civ. P. Rule 23 and the applicable case law.

F. Certain of Plaintiffs' claims, and all other causes of action except those specifically authorized by statute, are pre-empted by ERISA and/or the LMRA.

G. Plaintiffs have failed to properly make a claim for benefits prior to the filing of this lawsuit. Therefore, plaintiffs are barred from bringing the instant action for failure to exhaust their administrative remedies.

H. Upon information and belief, the Defendants are not obligated to pay the benefits claimed herein to one or more members of the alleged plaintiff class under the terms of the "employee welfare benefit plan" at issue in this case pursuant to ERISA § 3 and the terms and conditions of the Plan, and/or under the operative CBA pursuant to LMRA § 185.

I. Upon information and belief, the interpretations of the governing plan documents and the decision by Defendants to modify certain elements of the benefit plan design was within Defendants' reasonable discretion as Plan sponsor and should not be overturned.

J. Plaintiffs' claim for benefits under ERISA constitutes an equitable action and, therefore, there is no right to a jury trial under ERISA, the LMRA or the Seventh Amendment to the Constitution of the United States of America.

K. Plaintiff Local 965 lacks standing to pursue the claims set forth in the Complaint either on its own behalf or on behalf of the individual Plaintiffs or the putative class members.

L. Upon information and belief, all, or some of the individual Plaintiffs have not suffered any injury as a result of the conduct alleged in the Complaint and thus all, or some of the, individual Plaintiffs lack standing to pursue the claims set forth in the Complaint on his or her own behalf or on behalf of the putative class members.

M. Some or all of Plaintiffs' claims are barred by the applicable Statute(s) of Frauds and/or the parole evidence rule.

N. Plaintiffs have not satisfied the statutory prerequisites to the maintenance of a suit under ERISA.

O. To the extent Local 965 is asserting any claim under ERISA it is precluded from doing so.

WHEREFORE, Defendants, respectfully request that judgment be entered as follows:

A. An Order dismissing the Plaintiffs' Complaint and all claims for relief set forth therein in its entirety.

B. An Order awarding Defendants their costs, disbursements and attorney fees incurred in defending this action; and

C. An Order granting any other relief to Defendants that this Court deems just and equitable under the circumstances.

Dated this 16th day of April, 2007.

**MICHAEL BEST & FRIEDRICH LLP,**

By: __**S/Paul E. Benson**__
Paul E. Benson, SBN 1001457
*pebenson@michaelbest.com*
Charles P. Stevens, SBN 1014720
*cpstevens@michaelbest.com*
Joseph Louis Olson, SBN 1046162
*jlolson@michaelbest.com*
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
Facsimile: (414) 277-0656

**CO-COUNSEL FOR DEFENDANTS**.

**LEAD-COUNSEL FOR DEFENDANTS:**

    Charles S. Mishkind, Esq.
    *mishkind@millercanfield.com*
    Richard W. Warren, Esq.
    *warren@millercanfield.com*
    MILLER, CANFIELD, PADDOCK
    AND STONE, P.L.C.
    1200 Campau Square Plaza
    99 Monroe Avenue, N.W.
    Grand Rapids, Michigan 49503
    (616) 454-8656 (phone)
    (616) 776-6322 (facsimile)

T:\CLIENTA\013974\0005\A2057242.0

13

Case 2:07-cv-00169-JPS   Filed 04/16/07   Page 13 of 13   Document 12