UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ROBERT W. LEANNAH, CHARLOTTE L. KOEHLER,
MICHAEL E. ARROWOOD, LAWRENCE R. LENHARDT,
for themselves and all persons similarly situated, and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 965,

            Plaintiffs,
v.                                                                               Case No. 07-CV-169

ALLIANT ENERGY CORP., and its subsidiary,
WISCONSIN POWER AND LIGHT COMPANY,

            Defendants.
_____

# ORDER

The plaintiffs filed their class action complaint pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"), alleging that defendants Alliant Energy Corporation and its subsidiary Wisconsin Power and Light Company (collectively "Alliant") breached a collective bargaining agreement ("CBA") by reducing retiree health insurance benefits. Due to a dispute between the parties regarding the scheduling order in this case, the court conducted a status conference on June 21, 2007. In order to resolve the parties' scheduling dispute, the court granted Alliant's request to file a dispositive motion and for a stay of discovery pending resolution of the dispositive motion; however, the plaintiffs reserved the right to seek discovery pursuant to Rule 56(f) to respond to any dispositive motion. (*See* Docket # 17.) Alliant filed a motion for

summary judgment on January 28, 2008. On February 27, 2008, the plaintiffs filed a motion pursuant to Rule 56(f) for an extension of time to respond to Alliant's motion for summary judgment and to lift the stay of discovery, asserting that they need the opportunity to conduct discovery before they can adequately respond to Alliant's motion. For the reasons stated below, the court will grant the plaintiffs' Rule 56(f) motion and lift the stay of discovery.

Pursuant to Federal Rule of Civil Procedure 56(e), when a motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." *Id.* Pursuant to Rule 56(f), if it appears that the nonmoving party, for legitimate reasons, has not yet gathered its supporting materials, that party may petition the court for more time to respond to a summary judgment motion, and the court is empowered either to deny the motion for summary judgment or to order a continuance to permit the necessary discovery. *See* Fed R. Civ. P. 56(f).

"A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (quoting *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995). "When a party fails to secure discoverable evidence due to his own lack of diligence," the necessary justification is lacking, and "it is not an

abuse of discretion for the trial court to refuse to grant a continuance to obtain such information." *Pfeil v. Rogers*, 757 F.2d 850, 857 (7th Cir. 1985); *see also Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) (holding that the party seeking further time to respond to a summary judgment motion must give an adequate explanation to the court of the reasons why the extension is necessary).

The plaintiffs' Rule 56(f) motion asks the court to continue ruling on Alliant's motion for summary judgment until the plaintiffs have had the opportunity to conduct discovery. The plaintiffs request 150 days to conduct discovery and an additional 30 days to file their response to Alliant's motion for summary judgment. The plaintiffs filed an affidavit from plaintiffs' counsel, Kurt C. Kobelt, as required by Rule 56(f), stating the reasons why they presently cannot respond to Alliant's motion for summary judgment. In the affidavit, plaintiffs' counsel states that because discovery was stayed in this case, the plaintiffs currently cannot present facts to rebut Alliant's assertions, and that the additional discovery will reveal several factual disputes regarding Alliant's obligation to provide benefits. (Kobelt Decl. ¶¶ 2, 5.) Plaintiffs' counsel also identifies evidence he hopes to obtain through discovery, including communications from Alliant to early retirees and communications within Alliant regarding the bargaining history of the CBA's. (*Id.* at ¶¶ 2-5.)

Alliant asserts in its motion for summary judgment that the plaintiffs' claims should dismissed on their merits because the CBA's at issue in this case do not discuss retiree insurance benefits. "If a CBA or other governing document provides for health-care benefits for retirees, but is silent on the issue of whether or not those

-3-

Case 2:07-cv-00169-JPS   Filed 05/22/08   Page 3 of 8   Document 58

benefits exceed the life of the agreement, then in this circuit the presumption is that the benefits expire with the agreement." *Barnett v. Ameren Corp.*, 436 F.3d 830, 832-33 (7th Cir. 2006) (citing *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 606-08 (7th Cir. 1993). However, in the event of a patent or latent ambiguity, a plaintiff may be entitled to a trial where extrinsic evidence can be introduced to establish the true intent of the agreement. *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 547 (7th Cir. 2000). Here, Alliant asserts that the CBA's at issue are silent on the subject of early retiree health benefits, and, therefore, the entitlement to those benefits expires with the agreement as a matter of law.

In support of their Rule 56(f) motion, the plaintiffs assert that the CBA's at issue are not silent regarding the duration of early retiree health benefits; rather, an ambiguity exists regarding the duration of early retiree health benefits and extrinsic evidence such as bargaining history communications can be considered by the court. *See Rossetto*, 217 F.3d at 547; *Bialoszynski v. Milwaukee Forge*, 419 F. Supp 2d 1045, 1051-52 (E.D. Wis. 2006). In support of this position, the plaintiffs cite to Summary Plan Descriptions (SPD's) submitted by Alliant regarding health insurance coverage afforded to early retirees before they reach age 65, which may occur after the CBA expires. (Warren Aff. Ex. 9 at 14 ("Continuation of coverage can cease" if "you or your spouse become eligible for Medicare."); Ex. 11 at 12 ("You will become eligible for insurance on the day you complete the waiting period if . . . you are an eligible, retired Employee of the Employer under the age of 65."); Ex. 19 at 13 ("If you are covered by an HMO or POS on your early retirement date, you can

-4-

remain covered by the HMO or POS until the first month in which you turn age 65.")). The plaintiffs assert that the language in the SPD's proves that a patent ambiguity exists regarding whether the early retiree health benefits exceed the life of the CBA's. Thus, the plaintiffs argue, extrinsic evidence can be considered by the court in ruling on Alliant's motion for summary judgment. *See Rossetto*, 217 F.3d at 547; *Bialoszynski*, 419 F. Supp 2d at 1052.

Alliant opposes the plaintiffs' Rule 56(f) motion, asserting that it is entitled to judgment on the plaintiffs' claims without further discovery because the CBA's are silent on the subject of early retiree health benefits. Alliant contends that the CBA's are not ambiguous, and, therefore, the court cannot consider extrinsic evidence when ruling on Alliant's motion for summary judgment. *See Cherry v. Auburn Gear, Inc.*, 441 F.3d 476, 481 (7th Cir. 2006) ("[A] contract's meaning is a matter of law, and where there is no contractual ambiguity, there is no resort to extrinsic evidence, hence no factual dispute to preclude summary judgment. Unless patent or latent ambiguity can be proven, extrinsic evidence is not proper to stave off summary judgment.") (internal quotations omitted). According to Alliant, the court can disregard the SPD's cited by the plaintiffs in support of their argument that an ambiguity exists for three reasons: (1) the SPD's have been replaced by more current iterations that lack the language quoted above; (2) the language quoted above does not appear in the CBA's or other collectively bargained for agreements; and (3) the SPD's were not incorporated into the CBA's. Alliant also argues that the plaintiffs' Rule 56(f) motion should be denied because their discovery plan seeks

outdated irrelevant documents and for equity reasons, because the plaintiffs refused to produce the documents identified in their Rule 26 disclosures even though the parties previously agreed to produce those documents.

In order to rule on Alliant's motion for summary judgment, the court must first determine whether the parties' contract is "completely silent on the duration of health benefits" or unambiguous. *Rossetto*, 217 F.3d at 547. In determining whether the parties' contract is unambiguous, the contract should be read as a whole "so that all its parts will be given effect" and "related documents must be read together." *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 565 (7th Cir. 1995) (citations omitted). If the contract is found to be ambiguous, then the plaintiffs will be entitled to introduce extrinsic evidence to support their claim for benefits coverage. *Rossetto*, 217 F.3d at 547.

Here, the court is unable to conclude from the current record that the parties' contract as a whole, including the related documents such as the CBA's and the SPD's, is silent or unambiguous when defining the duration of the early retiree health benefits. Indeed, the SPD's submitted by Alliant in support of its motion for summary judgment suggest that the early retiree health benefits may potentially exceed the life of the CBA's. (Warren Aff. Exs. 9 at 14;11 at 12; 19 at 13.) Although the court may ultimately conclude that the parties' contract is unambiguous as a matter of law, it is also possible that the plaintiffs may be able to show with evidence obtained in discovery that genuine issues of material fact exist to defeat Alliant's motion for summary judgment. *See Rossetto*, 217 F.3d at 547. As such, the court cannot

conclude that the plaintiffs should be denied the opportunity to conduct discovery into their claims. In addition, the court will not deny the plaintiffs' Rule 56(f) motion because they refused to produce the documents identified in their Rule 26 disclosures, as agreed to by the parties. Such a sanction is not warranted when many of the documents are in Alliant's possession, the plaintiffs indicated that production of the documents would require them to sort through thousands of pages, and Rule 26(a) does not require the plaintiffs to produce the actual documents. (Warren Second Aff. Ex. 4.) Accordingly, the court will grant the plaintiffs' Rule 56(f) motion and lift the stay of discovery.

Finally, in light of this decision, Alliant's motion for summary judgment will be denied without prejudice. Alliant will be permitted to refile its motion at a later date, after the parties have completed the relevant discovery. All requests for discovery shall be served by a date sufficiently early enough so that discovery in this case can be completed by October 17, 2008. Dispositive motions shall be filed by November 17, 2008.

Accordingly,

**IT IS ORDERED** that the plaintiffs' Rule 56(f) motion for an extension of time to respond to Alliant's motion for summary judgment and to lift the stay of discovery (Docket #41) be and the same is hereby **GRANTED**. All requests for discovery shall be served by a date sufficiently early enough so that discovery in this case can be completed by **October 17, 2008**. Dispositive motions shall be filed by **November 17, 2008**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket #36) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge