# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. LEANNAH, CHARLOTTE L. KOEHLER,
MICHAEL E. ARROWOOD, LAWRENCE R. LENHARDT,
for themselves and all persons similarly situated, and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 965,

      Plaintiffs,

v.                     Case No. 07-CV-169

ALLIANT ENERGY CORP. and its subsidiary,
WISCONSIN POWER AND LIGHT COMPANY,

      Defendants.

# ORDER

On February 22, 2007, the plaintiffs filed their complaint pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"), alleging that defendants Alliant Energy Corporation and its subsidiary Wisconsin Power and Light Company breached a collective bargaining agreement ("CBA") by reducing retiree health insurance benefits. Upon filing their complaint, plaintiffs requested a jury trial. At a status conference before this court on September 24, 2008, the court questioned counsel for the parties as to their respective positions on whether or not plaintiffs are entitled to a jury trial. Plaintiffs' attorneys stated it was their position that they were entitled to a jury trial; defendants' attorneys took a contrary position. The court requested that plaintiffs' counsel prepare a brief on the matter to which defendants could then respond. Accordingly,

plaintiffs submitted their brief, and defendants submitted their response, to which plaintiffs replied – all in a timely manner. Upon consideration of the various arguments and relevant case law, the court finds that plaintiffs are entitled to a jury trial.

I. **BACKGROUND**

Defendants are in the business of producing electricity for residential and commercial consumption throughout the State of Wisconsin. Plaintiffs represent a class consisting of "[a]ll former Local 965-represented employees of Wisconsin Power and Light Company who were participants in the Wisconsin Power and Light Company's Early Retiree health and dental plans as of November 1, 2006 and thereafter, and whose employment terminated due to early retirement between the ages of 55 and 65." (Mot. Class Cert. at 1). Plaintiffs allege that defendants breached a CBA the parties had entered into with each other, and that in so doing defendants violated Section 301 of the LMRA. (Compl. ¶ 37). According to plaintiffs, defendants breached the CBA by requiring early retirees to pay more for health and dental insurance than active workers had to pay. (Compl. ¶¶ 29-34). Plaintiffs seek a declaration that defendants violated the CBA and ERISA, and an injunction preventing defendants from such further violations. Plaintiffs also seek an order requiring defendants to restore plaintiffs insurance contribution amount to the previous amount (prior to the alleged breach), and preventing defendants from discriminating against early retirees in either the amount charged for health insurance benefits or the quality or quantity of such benefits provided. Plaintiffs

additionally ask the court to make plaintiffs whole for "all losses proximately caused by the changes, including reimbursement for all premiums in excess to those paid by Local 965-represented employees." (Compl. at 10). Plaintiffs request a jury trial in this matter.

## II. ANALYSIS

Plaintiffs brought suit pursuant to ERISA § 502(a)(1)(B) and LMRA § 301. Plaintiffs apparently concede that they have no right to a jury trial under ERISA; however, plaintiffs assert that because this is a hybrid § 301/ERISA case, they do have a right to a jury trial pursuant to § 301. (Pl.'s Br. Supp. Jury Trial Demand at 1-2).

A right to jury trial must be preserved by the Seventh Amendment. In order to determine if the Seventh Amendment preserves the right to a jury trial for a particular cause of action, the court must engage in a two-part test established by the Supreme Court in *Tull v. United States*, 481 U.S. 412, 417-18 (1987). First, the court is to "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 417 (citations omitted). Second, the court is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417-18 (citations omitted). The second part of the test is considered more important than the first part. *Id.* at 421.

Plaintiffs' claim for monetary damages stemming from defendant's alleged breach of the CBA, in violation of § 301, satisfies the first part of the *Tull* test. *Senn v. United Dominion Industries, Inc.*, 951 F.2d 806, 813 (7th Cir. 1992) ("[A] claim

-3-

under Section 301 that the employer breached a Collective Bargaining Agreement 'is comparable to a breach of contract claim-a legal issue.'") (quoting *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990)). To determine if plaintiffs' claim satisfies the second part of the *Tull* test, the court must determine if plaintiffs are seeking legal or equitable relief. Certainly much of the relief plaintiffs are seeking is equitable, such as the declaratory relief and injunctions plaintiffs have requested. However, "[i]t is well settled that when legal and equitable relief are separately authorized by statute, and the 'legal claim is joined with [the] equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.'" *Senn*, 951 F.2d at 813-14 (quoting *Tull*, 481 U.S. at 424-25). Thus, even if the monetary damages are incidental to the equitable relief sought, if the court determines those monetary damages qualify as "legal relief," then the court is obliged to grant plaintiffs' demand for a jury trial on all issues of fact pertinent to that claim.

Defendants argue that the monetary damages plaintiffs seek are in fact equitable, not legal, in nature. Defendants argue that plaintiffs § 301 claim is essentially a claim for specific performance; defendants cite *Meredith v. Allsteel, Inc.,* 1994 WL 383925, 4 (N.D. Ill. 1994) to support this argument. However, while the court in *Meredith* did find the plaintiffs' § 301 claim in that case to be essentially one seeking specific performance ("a quintessentially equitable remedy"), the plaintiffs were not seeking monetary damages, only declaratory and injunctive relief.

*Id.* at 4. Defendants also argue that the monetary damages plaintiffs seek amount to the functional equivalent of restitution, because plaintiffs "really seek money that they claim was unjustly withheld or retained for other purposes." (Defs.' Br. Opp. Jury Trial Demand at 6). In the *Senn* case, the Seventh Circuit held that the monetary damages sought by plaintiffs were a form of legal, not equitable relief, thus satisfying the second part of the *Tull* test. *Senn*, 951 F.2d at 814. However, this court concedes that the monetary damages sought in the instant case more closely resemble restitution than the damages sought in *Senn.* The plaintiffs in *Senn* sought damages resulting from the defendants: 1) requiring certain retirees to pay for insurance benefits; and 2) refusing to pay all retirees' life and health benefits after a certain date. *Id.* at 811-13. Conversely, in the instant case, plaintiffs seek "the differences in premium payments made by class members from the payments made by active employees represented by Local 965 for comparable coverage." (Aff. Warren, Ex. 2, Pl.'s Resp. to Def.'s 1st Set of Interrogatories to Pls. No. 19.). As defendants point out, the amount plaintiffs seek will be determined through a mechanical computation (amount paid by retirees minus amount paid by active employees). That is a difference from the facts in *Senn*, where the damages could not be reached through mechanical calculation (because in *Senn* the damages were the amount the plaintiffs spent on healthcare that should have been covered but was not). *Senn*, 951 F.2d at 811-13.

While the damages in the instant case more closely resemble restitution than the damages in *Senn* (because the damages here are a set amount improperly paid

-5-

- allegedly - to the defendants), characterizing the damages as "restitution" does not dispose of the question of whether the relief sought is equitable or legal. "[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy ... when ordered in an equity case." *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994). Thus, to determine if the relief sought in the instant case satisfies the second part of the *Tull* test, it is not enough to simply term it restitution, the court must determine if it is legal or equitable restitution.

"[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (U.S. 2002). "But where 'the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor,' and the plaintiff 'cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant].'" *Id.* at 213-14 (quoting Restatement of Restitution § 160, Comment a, p. 867 (1936)). There is no indication in the record before the court that the funds at issue – the allegedly overpaid amounts – are being held discretely in a fund somewhere over which this court could impose a constructive trust if necessary. As such, it appears that, even if the damages here sought are "restitution," they nonetheless are legal and thus satisfy the second part of the *Tull* test.

The foregoing analysis and case law more than suggest that plaintiffs' claim is comparable to a breach of contract claim (a legal claim), and that the relief

plaintiffs seek is legal in nature. As a consequence, it appears that plaintiffs are entitled to a jury trial, no matter how "incidental" the damages are to the equitable relief sought. *Senn*, 951 F.2d at 813-14. However, there is differing case law that appears to call this conclusion into question.

In *Golden v. Kelsey-Hayes Co.*, a case relied on by Alliant and WPL, the plaintiffs were denied a jury trial by the Sixth Circuit, because the monetary award they sought was deemed by the court to be "'incidental to and intertwined with' their request for specific performance." 73 F.3d 648, 661 (6th Cir. 1996). The court found that since the monetary relief sought was "incidental to and intertwined with" the equitable relief sought, the monetary relief sought, therefore, did not satisfy the second part of the *Tull* test, and thus the monetary relief sought was equitable in nature. At first blush, this would seem to stand in contradiction to *Senn*, which states that when a "legal claim is joined with [an] equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Senn*, 951 F.2d at 813-14 (quoting *Tull*, 481 U.S. at 424-25). However, the crucial distinction is that the *Golden* court used the fact that the relief sought was incidental and intertwined not to deny a jury trial to an admittedly legal claim, but rather to classify the claim under the second part of the *Tull* test as an equitable claim. Thus, *Golden* and *Senn* reach opposite results on very similar facts (both involved plaintiffs seeking damages sustained as a result of defendant employers not paying for medical care they should have paid for), yet the two cases

do not demonstrate a schism among the circuits as to the law, but rather simply how it should have been applied to a given set of facts. Given the fact that this court is bound by Seventh Circuit precedent, it is clear that this court should follow *Senn* and ignore *Golden*, except for the existence of *In re Allstate Ins. Co.,* a post-*Senn*, Seventh Circuit case that much more closely resembles the rationale of *Golden* than *Senn*. 400 F.3d 505 (7th. Cir. 2005).

>Judge Posner in *Allstate*, asserted that:
>
>When limited to incidental damages as the cases define the term, the award of damages by a judge does not run afoul of the Seventh Amendment's right to a jury trial in federal civil cases. For when calculation of damages is mechanical, there is no right to a jury trial because summary judgment would be granted. When, moreover, the basic relief sought in a case is equitable, the judge can award damages in the exercise of his equity powers, and thus without calling in a jury, under the "clean up" doctrine of equity.

*In re Allstate*, 400 F.3d at 507. As defendants point out, the damages plaintiffs seek are certainly incidental to the equitable relief plaintiffs seek, as well as also involve a mechanical computation. However, this concession does not mean that defendants are correct that *Allstate* dictates that this court deny plaintiffs' request for a jury. *Allstate* is not a hybrid 301/ERISA case, rather it is a pure ERISA case. Unlike hybrid cases, ERISA cases must be brought seeking only equitable relief. 29 U.S.C. § 1132(a)(1) & (3). Thus, the use of the "clean-up" doctrine in an ERISA case, such as *Allstate*, may be appropriate to ensure the plaintiffs get complete relief; however, it would not be appropriate in a hybrid case, for in the latter it would serve not to effectuate complete relief, but rather to deprive plaintiffs of a jury trial.

-8-

Case 2:07-cv-00169-JPS   Filed 10/28/08   Page 8 of 9   Document 69

Indeed, the use of the "clean-up" doctrine in hybrid cases is inconsistent with Supreme Court precedent. *See* John Sanchez, *Jury Trials in Hybrid and Non-Hybrid Actions: The Equitable Doctrine in the Guise of Inseparability and Other Analytical Problems*, 38 DePaul L. Rev. 627, 648 (1989) (detailing the inappropriateness of utilizing the clean-up doctrine in cases combining legal and equitable claims).

### III. CONCLUSION

Despite the lack of clarity in the law, and despite the confusing circular inquiry necessary to determine the nature of plaintiffs' claim, the court finds that plaintiffs have presented a legal claim for damages. As such, plaintiffs are entitled to a jury trial on all issues common to that claim.

Accordingly,

**IT IS ORDERED** that the plaintiffs' request for a jury trial be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge