# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. LEANNAH, CHARLOTTE L. KOEHLER,
MICHAEL E. ARROWOOD, LAWRENCE R. LENHARDT,
for themselves and all persons similarly situated, and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION 965,

                Plaintiffs,

v.                                                       Case No.07-CV-169

ALLIANT ENERGY CORP. and its subsidiary,
WISCONSIN POWER AND LIGHT COMPANY,

                Defendants.

## ORDER

On February 22, 2007, the plaintiffs filed their complaint pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"), alleging that defendants Alliant Energy Corporation and its subsidiary Wisconsin Power and Light Company breached a collective bargaining agreement ("CBA") by reducing retiree health insurance benefits. (Docket #71). Upon filing their complaint, plaintiffs requested a jury trial. At a status conference before this court on September 24, 2008, the court questioned the parties as to their respective positions on whether or not plaintiffs are entitled to a jury trial. Plaintiffs' attorney stated it was their position that they were entitled to a jury trial; defendants' attorneys took the opposite position. The court requested plaintiffs to prepare a brief on the matter and to submit it to the court, to which defendants could then respond. Accordingly, plaintiffs submitted their brief, and defendants submitted their response, to which plaintiffs

replied - all in a timely manner.  After careful consideration of the various arguments and case law, the court entered an order on October 28, 2008, stating that plaintiffs were entitled to a jury trial on all issues common to the Section 301 claim. (Docket #69). Shortly thereafter, on November 5, 2008, defendants moved this court to certify the jury-trial issue for interlocutory appeal to the Seventh Circuit Court of Appeals.  (Docket #71).  Plaintiffs filed their brief opposing this motion on November 25, 2008 (Docket #75), to which defendants replied on December 9, 2008. (Docket #76).  The court, upon reviewing the parties' positions and applicable law, has determined that it would not be appropriate to certify the jury-trial issue for interlocutory appeal; thus the court is obliged to deny defendants' motion.

**I.     Law**

To certify an issue for interlocutory appeal, the court must find that the order in question presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *In re Ford Motor Co.*, 344 F.3d 648, 653 (7th Cir. 2002).  The Seventh Circuit has indicated that interlocutory appeals are generally disfavored because they are an exception to the final judgment rule, they interrupt the progress of a case and prolong its disposition, and an avalanche of interlocutory appeals would result if every procedural ruling was subject to appellate review.  *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 669 (7th Cir. 1999).  The decision whether to allow an immediate interlocutory appeal of a non-final order under § 1292(b) is within the discretion of the district court.  28 U.S.C. § 1292(b);

-2-

Case 2:07-cv-00169-JPS   Filed 12/12/08   Page 2 of 5   Document 78

*Swint v. Chambers County Com'n*, 514 U.S. 35, 47 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals).

### A. The Jury Trial Issue Is Not Controlling

As defendants cite in their brief, the Seventh Circuit has stated that: "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). This axiom, however, must not be read without context, for certainly any number of procedural orders may, in any given case, be "quite likely to affect the further course of the litigation." In *Sokaogon*, the court found the issue at question (sovereign immunity) was controlling, for if the appellants succeeded in getting that issue removed from the case, then the case would be decided on the basis of an award from a separate arbitration. 86 F.3d at 659. In the instant case, the trajectory of litigation will not be nearly as affected by the issue at question. If this case reaches trial (which the overwhelming majority of cases do not), then the court will still preside over the trial, regardless of whether there is a jury or not, and the court will still likely have to act as finder of fact regardless of whether there is a jury or not (if there is a jury, then the court is only the finder of fact on those facts, if there are any, unique to the ERISA claim). Indeed, it is really only the court which will be burdened by an incorrect ruling on the jury-trial issue, for it is the court that must be cognizant while presiding over the jury trial that it may - if the defendants succeed in their post-trial appeal - be called upon to serve as the fact finder for all the issues in the case. The court considers this burden far less onerous than allowing this case, already far past its prime, to continue to linger.

### B. There is Substantial Ground for Difference of Opinion

Plaintiffs assert that there is not substantial ground for difference of opinion on the matter of whether plaintiffs are entitled to a jury trial. The court, having wrestled with the ambiguous, and seemingly partially self-contradictory, law on the matter, is - like defendants - quite certain that there could easily be substantial ground for difference of opinion on the matter. While the court is confident that it reached the correct conclusion on the matter, it certainly appreciates that the Seventh Circuit may disagree entirely. Any ruling would bring welcome clarity to an unclear issue. However, such a possible result does not necessitate this court staying the case until that issue can be decided.

### C. Certifying the Issue Would Not Materially Advance the Litigation

As plaintiffs state, and support with case law, if the Seventh Circuit rules post-trial that the court, not a jury, should have acted as finder of fact, the court can easily do so without requiring relitigation of the case. *Dombeck v. Milwaukee Valve Co.*, 40 F.3d 230, 237 (7th Cir. 1994) ("the case need only be remanded for factfinding by the judge independent of the jury's verdict."); *see also Cargill, Inc. v. Commodity Credit Corp.*, 275 F.2d 745, 751 (2nd Cir. 1960) (remanding for independent fact finding where counterclaim improperly submitted to jury); *Hurwitz v. Hurwitz*, 136 F.2d 796, 799 (D.C.Cir.1943) ("The mandate should not be for a new trial but to require the trial court to make independent findings of fact and enter judgment in accordance with those findings."). Like these cited cases, the situation in the instant case is distinctly different from that in many other cases in which the denial of a jury trial is certified for interlocutory appeal. Admittedly, if the court had denied plaintiffs' request for jury trial,

-4-

then granting interlocutory appeal on that issue would materially advance the litigation. Given that those are not the facts before the court, the court finds that it is well within its discretion - and in line with its obligation to properly manage its caseload - to deny defendants' request for certification of the jury-trial issue for interlocutory appeal.

## II. Conclusion

In deciding whether the three requirements of § 1292(b) have been met, the court essentially considers "the probable gains and losses of immediate appeal." Wright and Miller, 16 Federal Practice and Procedure, § 3930 (2008). In the instant case, the known losses decidedly outweigh the probable gains of immediate appeal, and conversely, the probable losses pale compared to the known gains of proceeding to trial as scheduled.

Accordingly,

**IT IS ORDERED THAT** defendants' Motion Certification of the Jury-Trial Issue for Interlocutory Appeal (Docket #71) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 12th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge